# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAHMOOD UL-HASSAN,[1] *Petitioner*, | : : : | Case No. 3:22-cv-1231 (SVN) |
| v. | : : | |
| UNITED STATES OF AMERICA, *Respondent*. | : : | November 15, 2022 |

## ORDER TRANSFERRING PETITION

Petitioner Mahmood Ul-Hassan, who is currently confined at the Federal Correctional Institution in Danbury, Connecticut, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that this Court resentence him without an enhancement for being a career offender. He argues that, under the Supreme Court's recent decision in *Wooden v. United States*, ___ U.S. ___, 142 S. Ct. 1063 (2022), he is no longer considered a career offender. For the reasons that follow, the Court concludes that it lacks jurisdiction over the petition and transfers this action to the U.S. District Court for the Southern District of Indiana.

### I.  LEGAL STANDARD

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of the sentence by prison officials, prison disciplinary actions, prison transfers, the type of detention, and prison conditions. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)

---

[1] The docket in this case currently reflects that Petitioner's name is spelled "Mahmoud UI-Hassan." Based on a review of the filings, as well as searches of the federal judicial docket and the Bureau of Prisons' inmate database, it appears that Petitioner's name is correctly spelled "Mahmood Ul-Hassan." The Clerk is directed to correct the spelling of Petitioner's first and last names on the docket.

(citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). By contrast, section 2255 is "generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* at 146–47 (internal quotation marks omitted). Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by way of a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).

If a prisoner has already filed a previous petition under section 2255, a panel of the appropriate court of appeals can authorize the filing of a second or successive section 2255 petition, if there is newly discovered evidence demonstrating that no reasonable factfinder would have found the movant guilty of the offense or if, as may be applicable here, the second or successive petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). A district court "has no power to entertain a second or successive section 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court." *Streater v. Quintana*, No. 3:16-CV-76 (MPS), 2016 WL 4443144, at *4 (D. Conn. Aug. 18, 2016) (citing 28 U.S.C. § 2244(b)(3)).

Pursuant to section 2255(e), a habeas petitioner may challenge the validity of his sentence under section 2241 only if the remedy provided by section 2255 is "inadequate or ineffective" to test the legality of his detention and the "failure to allow for collateral review would raise serious

2

constitutional questions." *Talada v. Cole*, 739 F. App'x 73, 75 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 377); *see Newsome v. Nalley*, 128 F. App'x 815, 816 (2d Cir. 2005) (noting that "a prisoner may challenge the validity of his sentence or conviction under section 2241 in cases where section 2255 provides an 'inadequate or ineffective' remedy"). This "savings clause" may apply, for example, when "the petitioner cannot, for whatever reason, utilize § 2255." *Triestman*, 124 F.3d at 377; *Middleton v. Schult*, 299 F. App'x 94, 95 (2d Cir. 2008). Thus, section 2255 must be unavailable for a prisoner to resort to section 2241 to challenge the validity of his sentence.

## II. DISCUSSION

Petitioner challenges the enhancement of his sentence for being a career offender, a claim properly raised in a section 2255 motion, as it relates to the imposition of his sentence, not to its execution. He relies on *Wooden*, a newly released Supreme Court decision, to support his claim. For the reasons explained below, the Court lacks jurisdiction to adjudicate the petition.

At the outset, Petitioner asserts that he "could not have made [the argument in his present petition] before," either "on direct appeal or on initial 2255 motion," because the Supreme Court's decision in *Wooden* "was only decided in March 2022, thus depriving [Petitioner] of the ability to make that argument." *See* Pet., ECF No. 1, at 2. According to a federal judicial docket search, however, Petitioner has already attempted to assert this argument in a section 2255 motion he filed earlier this year in the Southern District of Indiana, *see* Mot. to Vacate Sentence, *Ul-Hassan v. Warden*, No. 2:22-cv-257-JRS-MG (S.D. Ind. June 28, 2022), ECF No. 1, where he was sentenced for conspiracy to possess with intent to distribute heroin in 1991, *see* Judgment, *United States v. Ul-Hassan*, 2:90-cr-6-JPH-CMM-3 (S.D. Ind. Sept. 27, 1991), ECF No. 3. The district court in

the Southern District of Indiana dismissed Petitioner's section 2255 motion for lack of jurisdiction, noting that Petitioner had previously filed a section 2255 motion to vacate his sentence, in 1996. Order Dismissing Mot. to Vacate Sentence, *Ul-Hassan v. Warden*, No. 2:22-cv-257-JRS-MG (S.D. Ind. Aug. 25, 2022), ECF No. 5. The court stated that, because Petitioner's previous section 2255 petition was denied on the merits, Petitioner would need to seek permission from the Court of Appeals for the Seventh Circuit to pursue a second or successive petition before the district court could adjudicate his petition. *Id.* at 2. Because Petitioner had not obtained such permission, the court concluded that it lacked jurisdiction over his petition. *Id.*

There are two reasons why this Court cannot adjudicate the present section 2241 petition. First, in his present petition, Petitioner attempts to assert his claim through a section 2241 petition in this district, where he is currently confined. But, even assuming Petitioner is correct and *Wooden* applies in his case, his motion cannot properly proceed under section 2241. To the contrary, because Petitioner purports to be seeking to challenge his sentence based on the holding in *Wooden*, which may constitute a "new rule" under the exceptions set forth in section 2255(h), his petition is properly construed as being brought under section 2255. *See Gitten v. United States*, 311 F.3d 529, 533 (2d Cir. 2002) (where prisoner's first collateral attack on federal conviction has been denied on the merits, court should treat section 2241 petition challenging same conviction as a second or successive collateral attack and transfer it to the Court of Appeals for gate-keeping determination); *Streater*, 2016 WL 4443144, at *3 ("Because the petitioner challenges his conviction on a new ground that might meet one of the exceptions under 28 U.S.C. § 2255(h) for filing a second or successive section 2255 motion, the court construes the present section 2241 petition as a third motion filed pursuant to 28 U.S.C. § 2255."). Given that section 2255 is neither

4

inadequate nor ineffective in this circumstance—and, in fact, is the appropriate mechanism for Petitioner to litigate his claim—the Court lacks jurisdiction to entertain this petition under section 2241. *See Streater*, 2016 WL 4443144, at *3 (court lacked jurisdiction to entertain petition under section 2241 because petitioner's claim did not fall within the savings clause of section 2255).

Second, as the district court for the Southern District of Indiana noted, if Petitioner wishes to pursue a claim for relief under *Wooden*, then he must first obtain the Seventh Circuit's permission to do so. Absent such permission, a district court has no jurisdiction to adjudicate his second or successive section 2255 petition. The Second Circuit has instructed district courts to transfer uncertified second or successive section 2255 petitions to the Court of Appeals to enable that court to determine whether certification to file the petition should be granted. *See Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998) (noting that a district court must transfer uncertified second or successive habeas petitions to the Court of Appeals for certification); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (directing district courts faced with second or successive section 2255 petitions to transfer the petition to the Court of Appeals in the interest of justice pursuant to 28 U.S.C. § 1631). The cases in which the Second Circuit has mandated transfer directly to the Court of Appeals, however, "have presupposed that the second or successive Section 2255 motion was brought before a sentencing court within the Second Circuit and that the only defect in the jurisdiction of that court was the absence of a certificate from the Court of Appeals for the Second Circuit." *See Handerhan v. Warden F.C.I. Danbury*, No. 3:17-cv-194 (AWT), 2017 WL 1946309, at *4 (D. Conn. May 9, 2017) (citing *Liriano*, 95 F.3d at 123, and *Jiminian*, 245 F.3d at 148).

By contrast, where, as here, the second or successive section 2255 motion should have been

5

filed in a sentencing court outside the Second Circuit, district courts have transferred the motion to the sentencing court, rather than to the court of appeals from which certification would need to be sought. *See Handerhan*, 2017 WL 1946309, at *4 (transferring action to sentencing court outside of the Second Circuit, in the interest of justice pursuant to § 1631); *Dixon v. Killian*, No. 09 Civ. 6823 (LAK), 2009 WL 2709371, at *2 (S.D.N.Y. Aug. 25, 2009) (same). In this case, the reasons for transferring the petition to the sentencing court, rather than the Seventh Circuit, are especially compelling. The present petition constitutes an attempt by Petitioner to seek, through an improper channel, the relief his sentencing court recently denied. As a result, the sentencing court should have the opportunity to determine how best to adjudicate or dispose of the present petition. Accordingly, the Court will transfer this action to the Southern District of Indiana.

### III. CONCLUSION

For the foregoing reasons, and in accordance with the requirements of 28 U.S.C. § 2244, the petition is **TRANSFERRED** to the U.S. District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1631, to take whatever action it deems appropriate. Upon transfer, the Clerk is directed to close this case.

**SO ORDERED** this 15th day of November, 2022, at Hartford, Connecticut.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE